MATHESON, Circuit Judge,
concurring.
I concur in the result and join the majority opinion except for Sections II.B.2, II.B.3, and II.C. I do not join these sections because the district court’s denial of qualified immunity to Defendants Kaufman and Byers rested exclusively on its conclusion that the Elwells had a clearly established liberty interest under Kan. Stat. Ann. § 38-2258. Our reversal on this point makes it unnecessary to discuss whether the Elwells had a liberty interest in their relationship with T.S. arising under the Due Process Clause.
The district court recognized that a liberty interest could arise under (1) federal law, i.e., the Due Process Clause itself, or (2) state law, i.e., Kan. Stat. Ann. § 38-2258. On the first basis, the court concluded that such a liberty interest was not clearly established under Supreme Court or Tenth Circuit precedent. It observed that the Supreme Court has “never decided the question definitively” and that “there is no clear answer in the Tenth Circuit.” Elwell v. Byers, No. 08-2227-EFM, 2011 WL 1980277, at *2 (D.Kan. May 20, 2011). In other words, if the Due Process Clause itself were the Elwells’ only basis for a liberty interest, the district court would have granted the Defendants qualified immunity based on a lack of clearly established law.[1]
The district court then turned to whether Kan. Stat. Ann. § 38-2258 could give rise to a liberty interest. In its words, this was “the only liberty interest that could have been clearly established.” Elwell, 2011 WL 1980277, at *2. The court held that the statute gave rise to a clearly established liberty interest and that the Defendants were not entitled to qualified immunity because they violated the statute when they removed T.S. from the Elwells’ home without notice.
I agree with the majority opinion’s holding in Section II.B.1 that the Kansas statute does not give rise to a liberty interest. This holding reverses the sole basis for the district court’s qualified immunity ruling and thus grants the Defendants the relief they seek on appeal. We should not go on to discuss the Due Process Clause issue *1220 because it was not the basis of the district court’s denial of qualified immunity.[2]

. The court later opined, "as a matter of first impression," that the Due Process Clause does give rise to a liberty interest. Elwell v. Byers, No. 08-2227-EFM, 2011 WL 1980277, at *4 (D.Kan. May 20, 2011). But this determination was unnecessary because the court had already stated the law was not clearly established on this point.

. This court has recognized that it "may affirm on alternative grounds ... when those grounds are dispositive, indisputable, and appear clearly in the record.” United States v. Schneider, 594 F.3d 1219, 1227 (10th Cir.2010). The majority opinion’s discussion of the Due Process Clause issue does not qualify as an affirmance on alternative grounds because this court is reversing the district court’s qualified immunity decision.